GLICKSTEIN, Judge,
concurring specialty-
I concur in the holding in this case, and agree with the reasoning by which it was reached. However, conscience dictates that I add a few words to forestall possible misunderstanding of our attitude toward the appellant.
The appellant may well be a reprehensible figure. He is surely a pathetic one. But the true measure of the level of civilization a society has reached is how its justice system treats the least of its members.
Our attention to this case is not in spite of appellant’s unsavory history, but because of it. Those upon whom Fortune has smiled can look out for themselves; we must look out for those who have known only Her frowns. Nor is this merely a matter of noblesse oblige; for there, but for the grace of God, goes any of us.
The appellant has traveled a life’s path paved with adversity. It may be that in the end the judicial system will seal his fate. If so, it will be only after he has had a fair chance to show why it should not be. The effective aid and assistance of counsel entails more than appointment of a competent member of the bar for an indigent accused. Counsel must have a reasonable time in which to prepare her case. Here, this includes a reasonable time for the court-appointed psychological expert to obtain and evaluate the records from which appellant’s mental health history can be reconstructed.
The Sixth Amendment cannot be satisfied pro forma.